IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAREN S. DENKER,<br>on behalf of plaintiff and the class<br>members described below, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) 1:18-cv-1478 |
| LLOYD & McDANIEL, PLC, and<br>PALISADES COLLECTION, L.L.C., | )<br>)<br>) |
| Defendants. | ) |

## COMPLAINT – CLASS ACTION

1. Plaintiff Karen S. Denker brings this action to secure redress for improper debt collection practices by defendants Palisades Collection, L.L.C. ("Palisades Collection") and Lloyd & McDaniel, PLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). Plaintiff also seeks an accounting of her debt.

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## JURISDICTION AND VENUE

7. The Court has jurisdiction under 15 U.S.C. §1692k, 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

8. Venue and personal jurisdiction in this District is proper because:
   a. Defendants do business in this District,
   b. Defendants' collection correspondence was sent to plaintiff in this District.

## PARTIES

9. Plaintiff Karen S. Denker is a resident of Greenfield, Indiana.

10. Defendant Palisades Collection is a limited liability company organized under Delaware law with principal offices at 210 Sylvan Avenue, Englewood Cliffs, NJ 07632. It does business in Indiana. Its registered agent and office is C T Corporation System, 150 West Market Street, Suite 800, Indianapolis, IN, 46204.

11. Defendant Palisades Collection is engaged in the sole business of collecting defaulted consumer debts.

12. According to the SEC filings of its parent Asta Funding, it "is engaged in the business of purchasing, managing for its own account and servicing distressed consumer receivables, including charged off and semi-performing receivables, primarily in the international sector. The charged-off receivables are accounts that have been written-off by the originators and may have been previously serviced by collection agencies. Semi-performing receivables are accounts where the debtor is currently making partial or irregular monthly

payments, but the accounts may have been written-off by the originators. Distressed consumer receivables are the unpaid debts of individuals to banks, finance companies and other credit providers. These receivables were acquired at substantial discounts to their face values. The discounts are based on the characteristics (issuer, account size, debtor location and age of debt) of the underlying accounts of each portfolio. Litigation related receivables are semi-performing investments whereby the Company is assigned the revenue stream from the proceeds received. The business conducts its activities primarily under the name Palisades Collection, LLC."
(https://www.sec.gov/Archives/edgar/data/1001258/000143774916043365/asta20160830_10k.htm)

13. Defendant Palisades Collection uses the mails and telephone system to conduct such business.

14. Defendant Palisades Collection is a "debt collector" as defined in the FDCPA, 15 U.S.C. §1692a(6).

15. Defendant Lloyd & McDaniel, PLC, is a law firm with more than 20 attorneys organized as a limited liability company under Kentucky law. Its principal office is located at 11405 Park Road, Suite 200, P.O. Box 23200, Louisville, KY 40223-0200. Its registered agent is James M. Lloyd at that address.

16. The practice of Lloyd & McDaniel, PLC, consists of the collection of debts owed to others, including consumer debts owed to Palisades Collection.

17. Defendant Lloyd & McDaniel, PLC states on its web site that "Lloyd & McDaniel's mission remains to be the pre-eminent law firm for creditors. We pride ourselves in providing the highest quality and most cost-efficient legal representation available. Our cutting edge technology enables us to rapidly deliver services you need in the ever-changing business environment. . . ." (https://www.lloydmc.com)

18. Defendant Lloyd & McDaniel, PLC, is a "debt collector" as defined in the FDCPA, 15 U.S.C. §1692a(6).

## FACTS

19. On or about January 31, 2018, Lloyd & McDaniel, PLC sent plaintiff the letter attached as Exhibit A.

20. Exhibit A was sent to collect a debt owed to Palisades Collection.

21. Lloyd & McDaniel, PLC was acting as the authorized agent of Palisades Collection.

22. Exhibit A is a form letter.

23. Exhibit A was the first letter Lloyd & McDaniel, PLC sent to plaintiff regarding the debt described therein.

24. Exhibit A is a form intended for use as the initial letter Lloyd & McDaniel, PLC sends to the consumer.

25. The alleged debt was incurred, if at all, for personal, family or household purposes and not business purposes.

26. The letter sought to collect an "account" which originally consisted of an alleged credit card debt and invited settlement discussions on the "account."

27. The letter stated that "Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you make a payment may be greater."

28. The account had been accelerated prior to the date of the letter and reduced to judgment in 2009, in case 30D01-0810-CC-001183. (Exhibit B) This was not disclosed in Exhibit A.

29. As a result of the acceleration, no late charges could be added to the debt. After a debt is accelerated, there are no monthly payments, and no late charges for not making such payments. *Green Point Sav. Bank v. Varana,* 236 A.D.2d 443, 453, 653 N.Y.S.2d 656, 657 (2d Dep't 1997); *Centerbank v. D'Assaro*, 158 Misc.2d 92, 95, 600 N.Y.S.2d 1015 (N.Y. Sup.Ct.1983); *Lasalle Bank Nat. Ass'n v. Shepherd Mall Partners, L.L.C.*, 140 P.3d 559, 562 (Okla.Civ.App. 2005); *In re Guarnieri*, 297 B.R. 365, 369 (Bankr.D. Conn.2003); *Berkeley*

*Federal v. Ogalin*, 48 Conn.App. 205, 708 A.2d 620 (1998); *Crest S. & L. Ass'n v. Mason*, 243 N.J.Super. 646, 581 A.2d 120 (Ch. Div., 1990); *Fowler v. First Fed. S. & L. Ass'n*, 643 So.2d 30 (Fla. 1st DCA 1994); *Security Mutual Life Ins. Co. of New York v. Contemporary Real Estate Assocs.*, 979 F.2d 329 (3d Cir.1992).

30. There are certainly no "late charges" on unpaid judgments.

31. Lloyd & McDaniel, PLC has sent more than 100 letters containing the language at issue. More than 30 letters containing the language at issue have been sent on behalf of Palisades Collection.

32. A search on Odyssey discloses that during the year prior to the filing of suit, just one of the attorneys at Lloyd & McDaniel, PLC who practices in Indiana, Patrick J. Kilburn, Esq., appeared in or filed more than 100 collection actions in which Palisades Collection was the plaintiff. The collection letter at issue was sent to each consumer defendant in these cases.

33. Prior to Lloyd & McDaniel's involvement with the account, plaintiff had paid a substantial amount on the judgment through a wage garnishment, and through voluntary $50 biweekly payments that she had been making for years to another law firm, until September, 2017, when that firm told her the account had been "recalled." Plaintiff had requested a payoff balance and payment history to make sure her payments have been properly applied on several occasions from the prior firm, but they refused to provide one. Plaintiff has also requested same from Lloyd & McDaniels, but they have failed to provide one.

### COUNT I – FDCPA – CLASS CLAIM

34. Plaintiff incorporates paragraphs 1-33.

35. The reference in Exhibit A to "late charges," particularly when coupled with the nondisclosure of the fact that the "account" had been reduced to judgment, violates 15 U.S.C. §§1692e, 1692e(2) and 1692e(10). *Boucher v. Finance System of Green Bay, Inc.,* 880 F.3d 362 (7th Cir. 2018).

36. Section 1692e provides:

**§ 1692e.     False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)     The false representation of--**

**(A)     the character, amount, or legal status of any debt; . . .**

**(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

37.     Plaintiff brings this claim on behalf of two classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

38.     The Lloyd & McDaniel class consists of (a) all individuals in Indiana (b) to whom a letter was sent by Lloyd & McDaniel to collect a credit card debt, (c) that had been accelerated, including but not limited to cases where the debt was reduced to judgment, (d) which letter referred to late charges and (e) was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

39.     The Palisades Collection class consists of (a) all individuals in Indiana (b) to whom a letter was sent, by anyone, on behalf of Palisades Collection, to collect a credit card debt, (c) that had been accelerated (including but not limited to cases where the debt was reduced to judgment) (d) which letter referred to late charges and (e) was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action

40.     On information and belief, based on the use of form letter and the large volume of defendants' collection activities, each class is so numerous that joinder of all members is not practicable.

41.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The

predominant common question is whether defendants' letters were misleading.

42. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

43. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

44. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. Members of the classes are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

    i. Statutory damages;

    ii. Attorney's fees, litigation expenses and costs of suit;

    iii. Such other and further relief as the Court deems proper.

### COUNT II – ACCOUNTING – INDIVIDUAL CLAIM

45. Plaintiff incorporates paragraphs 1-33.

46. Plaintiff is entitled to an accounting of how the payments she has made on the judgment have been applied, including whether any late charges were imposed.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendants for:

    i. An accounting;

    ii. Costs of suit;

    iii. Such other and further relief as the Court deems proper.

                                        */s/ Daniel A. Edelman*
                                        Daniel A. Edelman

Daniel A. Edelman  
Cathleen M. Combs  
Tara L. Goodwin  
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC  
20 South Clark Street, Suite 1500  
Chicago, IL 60603-1824  
(312) 739-4200  
(312) 419-0379 (FAX)  
Email address for service:  courtecl@edcombs.com

John T. Steinkamp  
Attorney at Law  
5218 S. East Street, Suite E1  
Indianapolis, IN 46227  
Office: (317) 780-8300  
Fax: (317) 217-1320

## **NOTICE OF LIEN AND ASSIGNMENT**

      Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


                                      */s/ Daniel A. Edelman*
                                      Daniel A. Edelman

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

*/s/ Daniel A. Edelman*
Daniel A. Edelman